IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JASON WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-09-274-C |
| | ) | |
| ASSOCIATED WHOLESALE | ) | |
| GROCERS, INC., a Kansas Corporation | ) | |
| doing business in Oklahoma, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

Plaintiff was hired by Defendant on October 24, 2007, as a "casual"[*] in the maintenance department. According to Plaintiff, he made it known from the beginning that his intent was to secure a position as a full-time employee. In April of 2008, an opening became available for a full-time employee in the maintenance department. Plaintiff was not notified of the opening, did not apply, and the position was filled by someone from outside the company. Believing that the failure to consider him for the position was racially based, Plaintiff filed a complaint with the Oklahoma Human Rights Commission. Approximately two weeks after his hire, the full-time employee resigned. Plaintiff had a meeting with his supervisors where his OHRC complaint was discussed and Plaintiff was informed he was not given the position because of his lack of experience. About two weeks later, Plaintiff was

---

[*] Defendant's relationship with its employees is governed by a Collective Bargaining Agreement ("CBA"). Under the CBA new hires are typically classified as casual unless and until they become full-time employees. Although the employment of casuals is addressed in the CBA, casuals have no rights under the CBA.

promoted to the full-time position. The full-time position had a 45-day probationary period which the employee had to complete before he was entitled to the protection of the CBA. Towards the end of this probationary period, Plaintiff's supervisors met and determined that Plaintiff did not have the skills necessary to adequately perform the full-time position. On July 14, 2008, Plaintiff's employment with Defendant was terminated.

Believing that Defendant had discriminated against him due to his race, Plaintiff filed this action asserting claims for violation of 42 U.S.C. §§ 2000e et seq. Specifically, Plaintiff asserts that Defendant failed to properly promote him and illegally terminated him due to his race and retaliated against him for complaining to the OHRC. Defendant denies the allegations, arguing its actions towards Plaintiff were made with no consideration of his race. Defendant filed its Motion for Summary Judgment arguing the undisputed facts establish that it is entitled to judgment.

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court has reviewed the parties' briefs and the materials appended to them. At this stage, the Court must view the evidence in the light most favorable to Plaintiff, giving him the benefit of any reasonable doubt. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Through this lens, the Court finds questions of material fact exist which preclude entry of judgment in favor of Defendants. Parsing through this evidence piece by piece would serve no purpose, as there

is no issue capable of resolution short of trial. For each argument tendered by Defendant in support of its motion, Plaintiff has offered a counter.

For the reason set forth herein, Defendant's Motion for Summary Judgment (Dkt. No. 36) is DENIED.

IT IS SO ORDERED this 11th day of May, 2010.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge